IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,117-01






EX PARTE THOMAS L. WARREN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 475140-A IN THE 174TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and sentenced to thirty-seven years' imprisonment. He did not appeal his conviction.

 Applicant contends that the Texas Department of Criminal Justice-Parole Division (TDCJ)
improperly placed sex offender conditions on his parole release without proper notice or process and,
due to those conditions, his parole was revoked. TDCJ provided an affidavit to the trial court
admitting that sex offender conditions were placed on Applicant without any notice or process due
to four prior convictions from Illinois.

 The affidavit obtained from TDCJ attaches a criminal history computer print-out from the
Texas Department of Public Safety listing four prior offenses from Illinois. This computer print-out
is not sufficient to establish that Applicant has the alleged four prior convictions from Illinois. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall obtain copies of any judgments for the convictions alleged by TDCJ and used to
place sex offender conditions on Applicant's parole without affording him notice or due process.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has been convicted of the
four alleged offenses from Illinois. If the offenses exist, the trial court shall determine if those
offenses have a similar corresponding offense in the Texas Penal Code. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 30, 2010

Do not publish